### FRIEDMAN KAPLAN SEILER & ADELMAN LLP

| | | |
|---|---|---|
| BRUCE S. KAPLAN | 7 TIMES SQUARE | RICHARD M. HOFFMAN |
| EDWARD A. FRIEDMAN | | SENIOR COUNSEL |
| GARY D. FRIEDMAN | NEW YORK, NY 10036-6516 | |
| BARRY A. ADELMAN | | NORMAN ALPERT |
| ERIC SEILER | TELEPHONE (212) 833-1100 | ASAF REINDEL |
| ROBERT D. KAPLAN | | L. REID SKIBELL |
| ANDREW W. GOLDWATER | FACSIMILE (212) 833-1250 | COUNSEL |
| ROBERT J. LACK | | |
| GREGG S. LERNER | WWW.FKLAW.COM | ROBERT S. LANDY |
| SCOTT M. BERMAN | | STEVEN E. FRANKEL |
| ERIC CORNGOLD | | DANIEL R. GREENBERG |
| HAL NEIER | | TIMOTHY M. HAGGERTY |
| PHILIPPE ADLER | | CHRISTOPHER M. COLORADO |
| LANCE J. GOTKO | WRITER'S DIRECT DIAL | CHRISTOPHER L. McCALL |
| KATHERINE L. PRINGLE | 212-833-1102 | YITZCHAK E. SOLOVEICHIK |
| MERYL S. ROSENBLATT | | PEARLINE M. HONG |
| DANIEL B. RAPPORT | WRITER'S DIRECT FAX | ERIC J. FINKELSTEIN |
| DAVID I. TANENBAUM | 212-373-7902 | JENNIFER A. MUSTES |
| HALLIE B. LEVIN | | EMILY L. CHANG |
| ANNE E. BEAUMONT | E-MAIL | ANDREW M. ENGLANDER |
| MARY E. MULLIGAN | EFRIEDMAN@FKLAW.COM | CHARLES E. ENLOE |
| EMILY A. STUBBS | | ALEXANDER D. LEVI |
| KENT K. ANKER | | ELIZABETH L. MACCHIAVERNA |
| AMY C. BROWN | | SARAH F. FOLEY |
| RICARDO SOLANO JR. | | JAMUNA D. KELLEY |
| JOHN N. ORSINI | | RAINA L. NORTICK |
| JEFFREY R. WANG | | MICHAEL S. PALMIERI |
| JEFFREY C. FOURMAUX | | ELLIOT CHOI |
| JASON C. RUBINSTEIN | | TANVIR VAHORA |
| MICHAEL A. GORDON | | NORA BOJAR |
| | | KEVIN J. LIN |
| | | ANDREW C. KOSTIC |

July 2, 2014

BY E-MAIL

Honorable Thomas P. Griesa
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

> Re: *NML Capital, Ltd. v. The Republic of Argentina*
> Nos. 08 Civ. 6978, 09 Civ. 1707, 09 Civ. 1708
> *Aurelius Capital Master, Ltd. v. The Republic of Argentina*
> Nos. 09 Civ. 8757, 09 Civ. 10620, 10 Civ. 3970, 10 Civ. 8339
> *Aurelius Opportunities Fund II, LLC v. The Republic of Argentina*
> Nos. 10 Civ. 1602, 10 Civ. 3507
> *Blue Angel Capital I LLC v. The Republic of Argentina*
> Nos. 10 Civ. 4101, 10 Civ. 4782
> *Pablo Alberto Varela v. The Republic of Argentina*
> No. 10 Civ. 5338
> *Olifant Fund, Ltd. v. The Republic of Argentina*
> No. 10 Civ. 9587

Dear Judge Griesa:

      This firm represents plaintiffs Aurelius Capital Master, Ltd., ACP Master, Ltd., Aurelius Opportunities Fund II, LLC, Aurelius Capital Master, Ltd., Blue Angel Capital I LLC, and we write on behalf of plaintiffs in all of the above-referenced cases in

2960647.1

FRIEDMAN KAPLAN SEILER & ADELMAN LLP

Honorable Thomas P. Griesa         - 2 -                    July 2, 2014

response to the letter from counsel for The Bank of New York Mellon ("BNY"), dated July 1, 2014.

       At the hearing on June 27, Your Honor directly and explicitly ruled that Argentina's payment of $539 million to BNY was illegal and a violation of this Court's Amended February 23 Orders, and that such payment must be nullified and returned to Argentina. BNY is now seeking an order to retain the funds and not return them. BNY already suggested to the Court the option of keeping the illegally paid funds at BNY. The Court rejected that proposal and ordered that BNY return the funds to Argentina. BNY's current request is directly contrary to Court's unequivocal ruling and should be rejected.

       BNY's concern about potential claims against it if it returns the funds – claims that BNY concedes would be "baseless" – are addressed by the final provision in the proposed Order, which was specifically added at BNY's request: "BNY shall incur no liability under the Indenture governing the Exchange Bonds or otherwise to any person or entity for complying with this Order." Moreover, BNY is not correct when it says that allowing it to retain Argentina's illegal payment merely preserves the status quo. To the contrary, it would leave in place Argentina's brazen violation of the Amended February 23 Orders, and enable Argentina to continue to proclaim that it has successfully defied this Court and has made the payment on the Exchange Bonds that Your Honor expressly prohibited. Such reward for Argentina's illegal conduct should not be countenanced.

       BNY seems to be saying that Argentina, having violated this Court's Amended February 23 Orders by making the $539 million payment, would contumaciously violate a further order of this Court by blocking the return of the funds. Should Argentina state its intention to block the return of the funds, it would be within the Court's equitable powers to order Argentina to accept the return of the funds and to provide any necessary wiring information to BNY to facilitate the return of the funds. If that is in fact Argentina's intention, it should be so stated by Argentina's counsel. In any event, a threat by Argentina to violate a further order of this Court is not a proper basis for Your Honor to change his ruling directing BNY to return the funds to Argentina.

       Respectfully yours,

*Edward A. Friedman*/EJF

Edward A. Friedman

2960647.1

FRIEDMAN KAPLAN SEILER & ADELMAN LLP

Honorable Thomas P. Griesa        - 3 -                    July 2, 2014

cc: Eric A. Schaffer, Esq.
　　Carmine D. Boccuzzi, Jr., Esq.
　　Kevin S. Reed, Esq.
　　Michael C. Spencer, Esq.
　　Leonard F. Lesser, Esq.
　　(*via email*)

2960647.1