# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

July 17, 2015

Via ECF

The Honorable Thomas P. Griesa,
   United States District Court for the Southern District of New York,
     Daniel Patrick Moynihan United States Courthouse,
       500 Pearl Street,
         New York, New York 10007.

      Re:    <u>NML Capital, Ltd. v. The Republic of Argentina, 03 Civ. 8845 (TPG), et al.</u>

Dear Judge Griesa:

      I write on behalf of non-party Banco Central de la República Argentina ("BCRA") to object to the motions for discovery sanctions against the Republic of Argentina (the "Republic") brought by certain plaintiffs, 03-cv-8845 Dkt. No. 600; 07-cv-2715 Dkt. No. 622 (the "Sanctions Motions"). As worded, the proposed sanctions would purport to establish facts for all purposes in these actions, and thus could be deemed to affect BCRA or its property.[1] In particular, plaintiffs request that the Court, using the passive voice, "take [certain] facts as established in these actions," including facts that relate specifically to BCRA.[2] Sanctions that attempt to establish facts concerning third parties and their assets are fundamentally unfair, and courts have

---

[1]    BCRA is writing to protect its rights and property interest and does not waive its immunity from jurisdiction.

[2]    Memorandum of Law in Support of NML Capital, Ltd.'s Motion for Discovery Sanctions, *NML Capital, Ltd. v. The Republic of Argentina*, No. 03-cv-8845, at 15 (S.D.N.Y. June 17, 2015) (Dkt. No. 601) ("NML Br.").

repeatedly rejected such applications. Under applicable law, any sanctions issued against the Republic must be tailored so as not to affect non-parties such as BCRA.

Moreover, these proposed findings are also improper because they are contrary to findings of this Court in prior proceedings. For example, plaintiffs ask the Court to deem established the "fact" that "Argentina determines all the important policies of BCRA . . . including policies related to borrowing, repayment of debts, interest rate setting, lending guidelines, monetary policy, and the accumulation of foreign reserves." NML Br. at 15. As detailed below, this Court has squarely rejected this proposition in litigation to which BCRA is a party.

At the outset, BCRA has had no involvement in the Republic's alleged failure to provide discovery. BCRA was not a party to the litigation giving rise to the Court's discovery order, the discovery was not served on BCRA and, as far as BCRA is aware, plaintiffs did not seek documents or materials from BCRA. Nor has this Court ever found that BCRA violated any court order, and plaintiffs have never so claimed. Indeed, to the contrary, in separate proceedings BCRA has cooperated extensively with plaintiffs' discovery requests. For example, in connection with plaintiffs' attempt to attach BCRA's assets in New York, BCRA worked with plaintiffs to produce transaction and accounting records, as well as an extensive stipulation of facts, which was relied upon both by the Second Circuit and this Court in rejecting the attachment. *See EM Ltd. v. The Republic of Argentina*, 720 F. Supp. 2d 273, 289-92 (S.D.N.Y. 2010) ("The stipulation describes in detail the kinds of transactions that resulted in deposits in (credits to)" BCRA's account in the United States.); *NML Capital* v. *Banco Central de la República Argentina*, 652 F.3d 172, 177 & n.8 (2d Cir. 2011) ("By stipulation, the parties have provided a detailed account of the sources of . . . funds" held by BCRA in the United States). Regarding another stipulation that BCRA entered into with plaintiffs, this Court stated that "[t]he stipulation has been very beneficial and has involved no small degree of cooperation by the central bank." Case No. 03-cv-2507, *et al.*, 1/13/2010 Hr'g. Tr. at 8:16-18.

Nevertheless, the findings that plaintiffs seek squarely aim at BCRA. In fact, their only potential use is in actions against BCRA's assets on a theory of alter ego. As such, the sanctions requested are clearly improper. The Second Circuit and courts in this District have expressly disapproved sanctions purporting to establish facts as to the assets of third parties that were not involved in the alleged misconduct. In *De Letelier* v. *Republic of Chile*, 748 F.2d 790 (2d Cir. 1984), judgment creditors of Chile sought discovery in connection with enforcement proceedings. After Chile failed to comply with discovery, the judgment creditors sought, and the district court entered, "adverse findings of fact that provided a basis to disregard" LAN airline's separate juridical existence from Chile. *De Letelier*, 748 F.2d at 793. The Second Circuit reversed, holding that "the district court incorrectly determined evidentiary issues adversely to LAN based solely on Chile's failure to comply with discovery requests." *Id.* at 795 n.2.

The Honorable Thomas P. Griesa                                                                    -3-

The Court concluded that "one party to litigation will not be subjected to . . . sanctions because of the failure of another to comply with discovery." *Id.*

Likewise, in *Thai Lao Lignite (Thailand) Co., Ltd.* v. *Gov't of the Lao People's Democratic Republic*, No. 10 Civ. 5256, 2013 WL 3970823 (S.D.N.Y. Aug. 2, 2013), the court was confronted with a request for adverse-finding sanctions similar to those at issue in plaintiffs' application. In post-judgment proceedings against the government of Laos, petitioners sought sanctions against Laos for alleged failures to comply with various discover orders. *Id.* at *1. The sanctions sought included a request—worded, like plaintiffs' requests here, in the passive voice—to "deem certain facts, relating to the relationship between the Lao Bank and the Lao Government, established for the duration of the enforcement proceedings." *See id.* at *6. For example, petitioners asked the court to deem established various elements of an alter ego claim, such as that the Lao Bank commingled its assets and Laos' assets, and that Laos could direct the disposition of funds held by the Lao Bank. *Id.* at *6 n.6. The court rejected the requested sanctions, finding, among other things, that "a court may not sanction a foreign instrumentality for discovery violations committed by its sovereign." *Id.* The court held that "[t]he Lao Bank is not a party to the litigation and the findings Petitioners seek would adversely affect the Bank because they expose its assets to potential attachment." *Id. Accord Funnekotter* v. *Republic of Zimbabwe*, No. 09 Civ. 08168, 2011 WL 5517860, at *3 (S.D.N.Y. Nov. 10, 2011) (refusing to enter sanctions against Zimbabwe that would deem various non-party commercial entities alter egos of Zimbabwe, because Federal Rule of Civil Procedure 37 does not permit a court to "find[] facts established when to do so would affect the rights of an entity that [was] not a party to the litigation, and as to whom there has been no discovery order, no less an order that has been disobeyed").

The sanctions plaintiffs seek are also improper for another reason, which is that they are squarely contrary to the record and, indeed, to this Court's prior rulings. Findings-of-fact sanctions that are inconsistent with the record are improper. *See Johnson* v. *Metro. Gov't of Nashville & Davidson Cnty.*, 502 F. App'x 523, 533 (6th Cir. 2012) (adverse findings of fact rejected as a spoliation sanction where "the record does not indicate" that the evidence destroyed by defendants would have supported the adverse inference sought by plaintiffs); *Thai Lao Lignite Co. (Thailand) Co., Ltd.*, 2013 WL 3970823, at *6 (S.D.N.Y. Aug. 2, 2013) (adverse findings-of-fact sanctions denied where petitioners failed to "provide[] . . . evidence to support their proposed inferences, while Respondent . . . provided evidence supporting a contrary inference").

Here, this Court has ruled that plaintiffs were unable even to *plead* a claim that Argentina determines "all important policies" of BCRA or that BCRA is generally "responsible for the debts and obligations of Argentina," the findings that plaintiffs now seek. (NML Br. at 15.) On a motion to dismiss a complaint making just such allegations, this Court stated that "the assets of BCRA in a general way cannot, in my view, be said to

The Honorable Thomas P. Griesa                                                                                              -4-

be applicable to the judgment debts of plaintiffs here" and that "the idea that BCRA is in a general way liable for the debts of the [R]epublic goes way too far." Case No. 06-cv-7792, 9/25/13 Hr'g. Tr. at 30:22-31:8. *Accord EM Ltd.*, 720 F. Supp. 2d at 299 (when plaintiffs earlier sought to attach BCRA's assets based on their alter ego theory, this Court found that "[t]he Republic did not manage the day-to-day operations of BCRA. It did not manage the routine transactions regarding Argentine pesos and foreign currency. Intervention in these details was not of interest to the Republic"). The Court held only that plaintiffs had pled a claim that "for certain purposes BCRA is the alter ego of the [R]epublic," Case No. 06-cv-6672, 9/25/13 Hr'g. Tr. at 32:15-18—a ruling that is currently on appeal—but expressly rejected the broader theory that plaintiffs now wish to enshrine in "established" findings. If plaintiffs could not even plead a broad alter ego claim, they were not entitled to discovery on it. Plaintiffs cannot end-run that ruling by seeking contrary findings as a discovery sanction, particularly where they are aimed at a non-party that was uninvolved—and is not even alleged to have been involved—in the allegedly sanctionable conduct.

       This Court should reject the sanctions findings plaintiffs seek to the extent they purport to establish findings relating to BCRA or its assets.

                                                                                       Respectfully submitted,

                                                                                       Joseph E. Neuhaus

cc (via ECF):   Counsel of record